IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**LENTONIO MARCELL JENNER**                                    **PLAINTIFF**

V.                    CASE NO. 5:18-cv-05178

**WASHINGTON COUNTY, ARKANSAS;
CHLOE FACKLER, Deputy Prosecuting
Attorney, Washington County; and
JUDGE CASEY JONES, Washington County**              **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff Lentonio Marcell Jenner filed this action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. Plaintiff is currently incarcerated in the Washington County Detention Center.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915(e)(2).

### I. BACKGROUND

According to the allegations of the Amended Complaint (Doc. 7), Plaintiff was denied bond in violation of his rights. Plaintiff alleges that a defendant can only be denied bond if the charge is a capital offense. He asserts that the prosecutors and judge knew this, and his charge was not a capital offense.

1

Plaintiff states in a page attached to the Amended Complaint that the only Defendant who should be listed is Washington County. (Doc. 7 at 8). Plaintiff states he made the mistake of "putting the persons instead of the county." *Id.* However, on the first page of his Amended Complaint, he has listed in the style of the case: "(Chloe Fackler & Casey Jones)-They are what made this happened." *Id.* at 1. He also lists Deputy Prosecutor Fackler and Judge Jones as Defendants on pages two and three of the Complaint. *Id.* at 2-3. When asked to name the Defendants who were involved in the incident, Plaintiff responded "Washington County, [Deputy Prosecutor] Chloe Fackler, [Judge] Casey Jones." *Id.* at 6. Finally, Plaintiff has indicated that he is suing the Defendants in their official capacities only. *Id.*

As relief, Plaintiff is seeking "cash." *Id.* at 7. He also asks that the conduct at issue be brought to the attention of the individual Defendants' supervisors. *Id.*

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious; (2) fail to state a claim upon which relief may be granted; or, (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro*

se complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

## III. DISCUSSION

Section 1983 cannot be used to challenge the denial of a bond, which is a decision that impacts "the very fact or duration of [a state prisoner's] physical imprisonment." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Moreover, Plaintiff's claim that he was improperly denied bond as he awaited trial on a criminal charge is subject to dismissal under *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a civil action for alleged civil rights violations that attacks the validity of criminal confinement, which has not been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus, is not cognizable under Section 1983.[1]

## IV. CONCLUSION

For the reasons stated, the claims asserted are subject to dismissal because they are frivolous, fail to state claims upon which relief may be granted, and are asserted

---

[1] Yet another reason why the suit merits dismissal is that Defendants Fackler and Jones are immune from suit. As a Deputy Prosecuting Attorney, Ms. Fackler has absolute immunity from civil suits for monetary damages. *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996). Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal action and all conduct intimately associated with the judicial process. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 n. 33 (1976). As an Arkansas district court judge, Judge Jones is also absolutely immune from suit for actions taken in his capacity as judge. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991). As for Washington County, it is unclear why this entity has been named. Defendants Fackler and Jones are not employed by Washington County.

against Defendants immune from suit. Therefore, this case is **DISMISSED WITH PREJUDICE.** *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii).

This dismissal constitutes a strike within the meaning of the Prison Litigation Reform Act. The **Clerk** is **DIRECTED** to enter a § 1915(g) strike flag on this case.

**IT IS SO ORDERED** on this 2nd day of November, 2018.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE